(108 So. 630)

## COFER v. STATE. (7 Div. 140.)

(Court of Appeals of Alabama. May 18, 1926.)

**Criminal law ⬤➜977(3)—Defendant leaving county and failing to serve term of hard labor cannot complain of same sentence imposed at subsequent term of court on his return to county for trial of another case.**

Defendant, fined $50 by jury for violating Prohibition Law, and additional punishment of three months' hard labor being imposed by judge, and paying fine but leaving county for over three months without serving term, cannot complain of sentence to serve such term when imposed at subsequent term on his return to county for trial of another case.

Appeal from Circuit Court, Shelby County; E. S. Lyman, Judge.

W. O. Cofer was convicted of violating the Prohibition Laws, and he appeals. Affirmed.

Longshore & Longshore, of Columbiana, and R. M. Montgomery, of Birmingham, for appellant.

After expiration of the term at which defendant was convicted, the court has no power to modify its judgment. In re Newton, 94 Ala. 431, 10 So. 549; People v. Felker, 61 Mich. 110, 27 N. W. 869.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

The judgment in this case is regular. Snyder v. State, 18 Ala. App. 188, 90 So. 40.

BRICKEN, P. J. Upon this appeal but one point of decision is involved—that of the validity of the judgment of conviction—from which this appeal was taken.

It appears, from the record, that this appellant, defendant below, was tried and convicted at the November term, 1924, of the Shelby circuit court, for the offense of violating the Prohibition Law. The jury assessed a fine of $50. That portion of the judgment entry bearing upon the question in issue is as follows:

"We the jury find the defendant guilty as charged in the second count and assess a fine of $50.00, whereupon the said defendant is adjudged by the court to be guilty as charged in the second count of the affidavit and a fine of $50.00 is assessed against him in accordance with the verdict of the jury, and the court, as additional punishment, adds three months at hard labor for the county."

This judgment was entered on November 28, 1924. On November 29, 1924, the defendant, together with W. H. Cofer and John Connell, confessed judgment for the fine and cost. The bill of exceptions contains the following statement:

"Upon such confession of judgment which was made during recess of the court and without the presence of the judge, the sheriff, not

being fully advised as to the additional punishment imposed by the court, released the defendant from custody. When this fact was discovered by the court, the judge ordered the sheriff to retake the defendant and bring him before the court for sentence. The father, who was bail of defendant, informed the sheriff that he would have the defendant to appear on the day following, but failed to produce him, and another day within that session of court was appointed for the appearance and sentence of the defendant, but in the meantime defendant removed from the county and he cannot be found by the sheriff. The defendant appearing for trial in another case, at a subsequent term of the court, to wit, on the 27th day of February, 1925, was sentenced by the court in this case, over objection of defendant."

It is here insisted that the judgment of the court sentencing this man to serve three months' hard labor for the county as additional punishment is void and without authority of law.

However sound the several propositions of law advanced and argued in this connection may be, we regard the insistences of counsel for appellant as being untenable. It is clear from what has been above quoted, from the record, that the unusual status therein disclosed was superinduced by this appellant, that he, as a matter of law, was an escape during the interval which elapsed, and we are of the opinion that he cannot complain of a condition caused by his own voluntary acts as here shown. We regard the court's action in overruling the "objections" to having sentence passed upon him, as shown by this record, as being without error, and the judgment appealed from is therefore affirmed.

Affirmed.